# United States District Court
### Eastern District of Michigan

| United States of America | **ORDER OF DETENTION PENDING TRIAL** |
|---|---|
| v. | |
| Reginald Howard Orr | Case Number: 06-30508 |
| Defendant | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

☒ (1) I find that:
- there is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;
  - under 18 U.S.C. § 924(c).

☒ (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

☒ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

☒ I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

- ☒ (a) nature of the offense - Drug distribution and use of telephone in furtherance of same.
- ☒ (b) weight of the evidence - Strong evidence based upon wiretapped statements of defendant and others, together with surveillance and cooperating witness information..
- ☒ (c) history and characteristics of the defendant -
  - ☒ 1) physical and mental condition - Good health.
  - ☒ 2) employment, financial, family ties - Has employment history and family ties to the E.D. of Michigan.
  - ☒ 3) criminal history and record of appearance - Five prior drug convictions, four at felony level. The government represents that felon in possession charges will be filed in connection with an incident in July, 2006.
- (d) probation, parole or bond at time of the alleged offense -
- ☒ (e) danger to another person or community - This defendant faces substantial penalties upon conviction and thus has a strong motive to abscond. The government proffer indicates that he has declared in a taped conversation that he would flee if charged again. The current offenses, in combination with his lengthy drug distribution history and a proffered statement concerning a "hit" on a government witness indicates that he is a danger to the community if released.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  | s/Donald A. Scheer |
|---|---|
| Date: November 17, 2006 | *Signature of Judge* |
|  | Donald A. Scheer, United States Magistrate Judge |
|  | *Name and Title of Judge* |